IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| K9 SPORT SACK, LLC., a Utah limited liability company,<br><br>        Plaintiff<br>  v.<br><br>LITTLE CHONK COMPANY., a Delaware corporation,<br><br>        Defendant. | C.A. No.  2:22-CV-05120-ES-CLW<br><br>**OPPOSITION TO LITTLE CHONK COMPANY'S PARTIAL MOTION TO DISMISS K9 SPORT SACK, LLC'S COMPLAINT**<br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |

John H. Choi
John H. Choi & Associates LLC
65 Challenger Road, Suite 100
Ridgefield Park, NJ 07660
Tel. (201) 580-6600
Fax. (201) 625-1108
jchoi@jchoilaw.com

*Attorneys for Plaintiff K9 Sport Sack, LLC*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................... 2

   A. K9's '685 Patent and Pet-Carrying Backpack ...................................................... 2

   B. Chonk's Prior Relationship with K9 .................................................................... 2

   C. Chonk Copied K9's Pet-Carrying Backpack ....................................................... 3

   D. Chonk's Indirect Infringement.............................................................................. 4

ARGUMENT ..................................................................................................................... 7

   A.   K9's Amended Complaint Does Not State a Claim for Willful Infringement or Enhanced Damages................................................................................................................. 7

   B.   K9's Amended Complaint States Valid Claims for Indirect Infringement......................... 8

      1.   Induced Infringement. ..................................................................................... 8

      2.   Contributory Infringement. ............................................................................ 10

CONCLUSION................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................... 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................... 7

*Connelly v. Lane Constr. Corp.*,
    809 F.3d 780 (3d Cir. 2016) ........................................................................................ 7

*Groove Dig., Inc. v. King.com, Ltd.*,
    2018 U.S. Dist. LEXIS 199385 (D. Del. Nov. 26, 2018) ............................................ 8

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ................................................................................... 9

*PPG Indus. Ohio, Inc. v. Axalta Coating Sys., LLC*, 2022 U.S. Dist. LEXIS 14668, at *14 (D.
    Del. Jan. 26, 2022) ...................................................................................................... 8

*WAG Acquisition, LLC v. Multi-Media, LLC*,
    2015 U.S. Dist. LEXIS 121028 (D.N.J. Sep. 10, 2015) ......................................... 1, 8

*Walker Digital, LLC v. Facebook, Inc.*,
    852 F. Supp. 2d 559 (D. Del. 2012) ............................................................................ 7

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
    528 F. Supp. 3d 247 (D. Del. 2021) ............................................................................ 8

**Statutes**

35 U.S.C. §§ 284 and 285 ................................................................................... 1, 4, 9, 11

**Rules**

Fed. R. Civ. P. 15(a)(1)(B) ........................................................................................... 1

Plaintiff K9 Sport Sack ("Plaintiff" or "K9") hereby submits its Opposition to Defendant Little Chonk Company's ("Defendant" or "Chonk") Partial Motion to Dismiss K9 Sport Sack, LLC's Complaint [ECF No. 10-1] ("Motion").

## INTRODUCTION

This is a patent infringement case. Chonk moves the Court to dismiss K9's claims for induced infringement, contributory infringement, willful infringement, and enhanced damages. Motion at 10. More specifically, Chonk argues that K9 has not adequately pleaded: (1) Chonk's knowledge of the patent-at-issue; (2) that Chonk specifically intended to induce infringement; or (3) that Chonk's accused product has no substantial non-infringing use.

On August 19, 2022, K9 filed its original complaint [ECF. No. 1] against Chonk for infringement of U.S. Patent No. 11,272,685 (the "'685 Patent"). As a matter of right under Fed. R. Civ. P. 15(a)(1)(B), K9 filed its First Amended Complaint ("Amended Complaint" or "FAC") [ECF. No. 11] on October 24, 2022. The Amended Complaint renders certain of Chonk's arguments moot. More specifically, the Amended Complaint does not state a claim for willful infringement or enhanced damages. And, at a minimum, Chonk's post-suit knowledge is sufficient for purposes of stating claims for indirect infringement occurring after the filing date. *See WAG Acquisition, LLC v. Multi-Media, LLC*, 2015 U.S. Dist. LEXIS 121028, at *24-25 n.6 (D.N.J. Sep. 10, 2015). However, should K9 learn, through the course of discovery, that Chonk had knowledge of the '685 Patent prior to the filing the original complaint, K9 reserves its right to claim that Chonk's infringement is indeed willful and that K9 is entitled to treble damages, interest, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285.

With regard to Chonk's other arguments, as provided below, K9 has adequately pleaded facts sufficient to support its claims of induced and contributory infringement. Moreover, K9

provided Chonk with fair and adequate notice of its indirect infringement claims and the grounds upon which they rest.

## BACKGROUND

The Amended Complaint alleges at least the following:

### A. K9's '685 Patent and Pet-Carrying Backpack

"K9 is an industry leader and innovator in pet-carrying products, among other pet care products." FAC, ¶ 9. "K9 has been awarded and is the owner of many patents relating to and covering its pet-carrying products." *Id.*, ¶ 12. "Among the patents that K9 has been awarded and that it owns is U.S. Patent No. 11,272,685." *Id.* "The '685 Patent claims priority to U.S. provisional patent application nos. 62/427,688 filed on November 29, 2016 and 62/426,137 filed on November 23, 2016." *Id.*, ¶ 13. The claims of the '685 Patent "are directed to, among other things, a novel pet-carrying backpack." *Id.*, ¶ 14.

### B. Chonk's Prior Relationship with K9

"Prior to May 14, 2017, K9 was in contact with the co-founder of Chonk, Mr. Bryan Reisberg, with respect to K9's products." *Id.*, ¶ 15. On or about May 14, 2017, Mr. Reisberg posted a picture of himself on Instagram carrying his pet corgi, Maxine, in a K9 Sport Sack product." *Id.*, ¶ 16. "After that time, Mr. Reisberg posted numerous photos of himself carrying his pet corgi, Maxine, in various locations throughout Manhattan and other locations." *Id.*, ¶ 17. "Prior to May 2018, Mr. Joseph Watson, the founder of K9, was invited to appear on Good Morning America in New York City to promote K9's products." *Id.*, ¶ 18. "Mr. Watson invited Mr. Reisberg to accompany him at Good Morning America to show fans and consumers how K9's products were used." *Id.*, ¶ 19. "On or about May 17, 2018, Mr. Watson appeared on Good Morning America with Mr. Reisberg promoting K9's products." *Id.*, ¶ 20. "After that

2

appearance, K9 provided Mr. Reisberg with numerous different pet-carrying backpacks for free, which Mr. Reisberg used in his social media posts related to his corgi, Maxine." *Id.*, ¶ 21. "Upon information and belief, from 2018 to the first quarter of 2019, Mr. Reisberg amassed a significant number of followers through his various social media accounts." *Id.*, ¶ 22.

"On or about April 15, 2019, K9 received an email from Margaux Galitz from 'The Dogagency.com.'" *Id.*, ¶ 23. "Galitz indicated that Mr. Reisberg had previously accepted free product from K9 but wanted cash payment in exchange for social media posts that featured the K9 product." *Id.* "K9 declined the request from Galitz and removed reference to Mr. Resiberg's images from K9 marketing and promotional materials." *Id.*, ¶ 24. "After that time, Mr. Reisberg continued to post K9 Sport Sack product on his social media account altering the images to remove K9's brand indicia." *Id.*, ¶ 25.

### C. Chonk Copied K9's Pet-Carrying Backpack

"On or about November 6, 2021, Mr. Reisberg posted a video to his social media account announcing that 'for the last year' he had been 'designing a pet backpack;' that, 'as of two days ago' [November 4, 2021] he 'filed [a] patent' for the pet backpack; and that he was 'releasing the backpack in December [2021].'" *Id.*, ¶ 26. "Mr. Reisberg, by and through Chonk, is now in the business of making, using, selling, offering for sale, and/or importing into the United States a pet-carrying backpack." *Id.*, ¶ 27. "Upon information and belief, Chonk markets and sells a pet-carrying backpack referred to as The Maxine One (the "Accused Product"). *Id.*, ¶ 28. "The following statement has been made on Chonk's website:

> 'For the past 6 years, I've been carrying my fluffy corgi Maxine with me everywhere: to and from work on the NYC subway, on vacation, on boats, planes, trains and through every kind of situation imaginable. So when we set out to build THE MAXINE ONE, we knew exactly what we had to do.'" *Id.*, ¶ 29.

### D. Chonk's Indirect Infringement

"Upon information and belief, Chonk continues to contributorily infringe, and/or induce other to infringe the claims of the '685 Patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271." *Id*., ¶ 42. "Upon information and belief, Chonk has had knowledge of the '685 Patent as late as service of the Original Complaint [ECF No. 1] or shortly thereafter." *Id*., ¶ 43. "Upon information and belief, Chonk knew of its infringement, at least by way of this lawsuit." *Id*.

"Upon information and belief, Chonk's customers and others have used and are using the Accused Product, which includes each and every element of at least claim 19 of the '685 Patent." *Id*., ¶ 44. "And at no time has K9 granted Chonk or its customers and other users of the Accused Product permission to practice the claims of the '685 Patent." *Id*. "Chonk has used and is still using the Accused Product in its internal testing and operation of the Accused Product, as well as at the facilities of its customers and users." *Id*. "Accordingly, Chonk's customers and users of the Accused Product have infringed and are directly infringing the '685 Patent." *Id*., ¶ 45.

"Upon information and belief, the marketing material and literature for Chonk's Accused Product, instruct Chonk's customers and other users how to use the Accused Product in a way that infringes at least claim 19 of the '685 Patent." *Id*., ¶ 46. "For example, claim 19 includes, 'a backpack body comprising an interior compartment configured to support a pet therein.'" *Id*. ¶ 47. In the Instruction Sheet, shown below and attached as Exhibit 4 to the Amended Complaint, "Chonk teaches its customers how to support a pet in in an interior compartment of the Accused Product." *Id*.



"Claim 19 also includes, 'a collar forming a first opening in a top portion of the backpack body, the collar being configured to allow a head of the pet supported in the interior compartment to protrude therethrough.'" ¶ 48. "In the Instruction Sheet, Chonk teaches its customers how to adjust a collar (forming an opening in the top portion of the backpack body) to allow the pet's head to protrude through the opening in the top of the backpack." *Id*.



"Claim 19 also includes, 'at least one second opening in the backpack body to accommodate a paw or leg of the pet.'" *Id*., ¶ 49. "Chonk's Instruction Sheet teaches customers how to position a pet in the Accused Product to accommodate a paw or leg of the pet." *Id*.



As one more example, "Claim 19 includes, 'one or more contouring straps disposed on the backpack body that are configured to shape the interior compartment of the backpack.'" *Id.* ¶ 50. "As shown above, Chonk teaches its customers how to use one or more contouring straps configured to shape the interior compartment of the backpack." *Id.*

"Upon information and belief, Chonk has induced and is actively inducing its customers and other users of the Accused Product to infringe claims of the '685 Patent." ¶ 47. "Upon information and belief, Chonk specifically intended its customers and others to infringe the '685 Patent and knew, at least as late as service of the Original Complaint, that its customers' and others' acts constituted infringement." ¶ 51.

"Furthermore, upon information and belief, the Accused Product, and the features provided by the Accused Product (including but not limited to: a backpack body comprising an interior compartment to support a pet therein; a collar configured to allow a head of the pet to protrude through an opening the top of the backpack; shoulder straps; at least one second opening  to accommodate a paw or leg of the pet; and contouring straps configured to shape the interior compartment of the backpack), are material to practicing the '685 Patent and are used by Chonk, Chonk's customers, and users of the Accused Product to practice at least claim 19 of the '685 Patent." *Id.* ¶ 53. "Chonk provides the Accused Product to its customers and users of the Accused Product knowing that the Accused Product is especially made for use in a manner that infringes at least claim 19 of the '685 Patent." *Id.* "The Accused product does not have a

6

substantial non-infringing use." *Id*. "Accordingly, Chonk has contributed and is actively contributing to the infringement of the '685 Patent." ¶ 54.

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When reviewing a motion to dismiss the Court "must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 n.2 (3d Cir. 2016). "A complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 567 (D. Del. 2012), (quoting *Bell Atl. Corp.*, 550 U.S. at 545.).

As further discussed below, in its Amended Complaint, K9 has adequately alleged sufficient facts to state claims for induced and contributory infringement. Furthermore, K9 has provided Chonk fair notice of what the claims are and the grounds upon which they rest.

### A. K9's Amended Complaint Does Not State a Claim for Willful Infringement or Enhanced Damages.

K9's Amended Complaint renders Chonk's motion to dismiss claims for willful infringement and enhanced damages moot. K9 reserves its right to seek enhanced damages should K9 learn through the course of discovery specific facts that support a claim for willful infringement and enhanced damages.

7

### B. K9's Amended Complaint States Valid Claims for Indirect Infringement.

Chonk argues that K9 "fails to state a claim for indirect infringement." Motion at 6. Claims of induced and contributory infringement both "require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249 (D. Del. 2021).

Chonk argues that K9 has not adequately alleged Chonk's knowledge of the '685 Patent. However, "district courts in this Circuit have routinely determined that post-suit knowledge is sufficient" for purposes of stating a claim for indirect infringement occurring after the filing date. *WAG Acquisition, LLC v. Multi-Media, LLC*, 2015 U.S. Dist. LEXIS 121028, at *24-25 n.6 (D.N.J. Sep. 10, 2015). "Pre-suit knowledge is not required to plead a claim of induced infringement." *Groove Dig., Inc. v. King.com, Ltd.*, 2018 U.S. Dist. LEXIS 199385, at *5 (D. Del. Nov. 26, 2018); *see also PPG Indus. Ohio, Inc. v. Axalta Coating Sys., LLC*, 2022 U.S. Dist. LEXIS 14668, at *14 (D. Del. Jan. 26, 2022) ("The filing of the complaint is sufficient notice for an induced infringement claim based on post-filing conduct.") Similarly, for a claim of contributory infringement, "knowledge of the patent and of infringing use are sufficiently established via the filing of the complaint." *Groove Dig.*, 2018 U.S. Dist. LEXIS 199385, at *6. Therefore, at least Chonk's alleged post-suit knowledge is sufficient for K9's indirect infringement claims.

#### 1. Induced Infringement.

To "sufficiently plead induced infringement" the complaint "must contain facts plausibly showing that" Chonk "specifically intended their customers to infringe the … patent and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission &*

8

*Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). "This does not mean that [K9] must prove its case at the pleading stage." *Id*.

Chonk argues that K9 "failed to adequately plead these necessary elements." Motion at 7. However, beyond describing the prior relationship of Chonk's founder with K9, his abundant familiarity with K9's products, his more than six years of using K9's products, and the fact that he filed his own patent for a "pet backpack" in November 2021, in its Amended Complaint K9 also alleges at least:

- **Induced Infringement.** "Upon information and belief, Chonk continues to contributorily infringe, and/or induce other to infringe the claims of the '685 Patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271." FAC, ¶ 42.

- **Knowledge of the Patent.** "Upon information and belief, Chonk has had knowledge of the '685 Patent as late as service of the Original Complaint … or shortly thereafter." *Id*., ¶ 43.

- **Customers' Acts Constitute Infringement.** "Upon information and belief, Chonks' customers and others have used and are using the Accused Product, which includes each and every element of at least claim 19 of the '685 Patent." *Id*., ¶ 44. *See* Exhibit 4 to the Amended Complaint (Infringement Chart).

- **Chonk Specifically Teaches Infringing Use.** "Upon information and belief, the marketing material and literature for Chonk's Accused Product, instruct Chonk's customers and other users how to use the Accused Product in a way that infringes at least claim 19 of '685 Patent." ¶ 46. For example, Chonk teaches its customers how to: (1) support a pet in in an interior compartment of the Accused Product;

9

(2) adjust a collar to allow the pet's head to protrude through an opening in the top of the backpack; (3) position a pet in the Accused Product to accommodate a paw or leg of the pet; and (4) use one or more contouring straps configured to shape the interior compartment of the backpack.  *See supra* at pp. 4-6; *see also* Exhibit 4 to the Amended Complaint (Instruction Sheet).

- **Specific Intent.**  "Upon information and belief, Chonk specifically intended its customers and others to infringe the '685 Patent and knew, at least as late as service of the Original Complaint, that its customers' and others' acts constituted infringement." *Id*., ¶ 52.

Thus, K9 has adequately pleaded facts plausibly showing that at the very least in Chonk's post-suit conduct, it specifically intended its customers and others to infringe the '685 Patent and knew that its customers' and others' acts constituted infringement.  When read in combination with the rest of the Amended Complaint, K9's induced infringement claim is sufficient and provides Chonk with adequate notice of K9's induced infringement claim and the grounds upon which it rests.

    **2. Contributory Infringement.**

To sufficiently plead contributory infringement the complaint should allege that Chonk "(1) had knowledge of the patent; (2) sold products especially made for infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial noninfringing use; and (5) directly infringed." *Walker Dig., LLC*, 852 F. Supp. 2d at 562.

Chonk argues that "K9's complaint falls far short from what the law requires." Motion at 8.  However, in its Amended Complaint K9's allegations of contributory infringement include at least:

- **Contributory Infringement.** "Upon information and belief, Chonk continues to contributorily infringe, and/or induce other to infringe the claims of the '685 Patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271." FAC, ¶ 42.

- **Knowledge of the Patent.** "Upon information and belief, Chonk has had knowledge of the '685 Patent as late as service of the Original Complaint … or shortly thereafter." *Id*., ¶ 43.

- **Sold Products Especially Made for Infringing Use.** "Mr. Reisberg, by and through Chonk, is now in the business of making, using, selling, offering for sale, and/or importing into the United States a pet-carrying backpack." *Id*., ¶ 27. "Upon information and belief, Chonk markets and sells a pet-carrying backpack referred to as The Maxine One (the "Accused Product"). *Id*., ¶ 28.

- **Knowledge of Infringing Use.** "Upon information and belief, Chonk has had knowledge of the '685 Patent as late as service of the Original Complaint … or shortly thereafter." FAC, ¶ 43.

- **No Substantial Non-Infringing Use.** "Furthermore, upon information and belief, the Accused Product, and the features provided by the Accused Product (including but not limited to: a backpack body comprising an interior compartment to support a pet therein; a collar configured to allow a head of the pet to protrude through an opening the top of the backpack; shoulder straps; at least one second opening to accommodate a paw or leg of the pet; and contouring straps configured to shape the interior compartment of the backpack), are material to practicing the '685 Patent and are used by Chonk, Chonk's customers, and

users of the Accused Product to practice at least claim 19 of the '685 Patent." *Id*., ¶ 53. "Chonk provides the Accused Product to its customers and users of the Accused Product knowing that the Accused Product is especially made for use in a manner that infringes at least claim 19 of the '685 Patent." *Id*. "The Accused Product does not have a substantial non-infringing use." *Id*.

- **Directly Infringe.** "Accordingly, Chonk's customers and users of the Accused Product have infringed and are directly infringing the '685 Patent." *Id*., ¶ 45. *See* Exhibit 3 to the Amended Complaint (Infringement Chart).

Thus, K9 clearly alleges each of the components of a contributory infringement claim. When read in combination with the rest of the Amended Complaint, K9's contributory infringement claim is sufficient and provides Chonk with adequate notice of K9's contributory infringement claim and the grounds upon which it rests.

## CONCLUSION

For all the reasons identified above, K9 respectfully requests that the Court deny Chonk's Motion.

Dated: October 24, 2022

By: /s/ John H. Choi
John H. Choi
John H. Choi & Associates LLC
65 Challenger Road, Suite 100
Ridgefield Park, NJ 07660
Tel. (201) 580-6600
Fax. (201) 625-1108
jchoi@jchoilaw.com

*Attorneys for Plaintiff K9 Sport Sack, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of October, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of New Jersey, using the electronic case filing system of the court, and served the foregoing document on all counsel of record by email.

*/s/ John H. Choi*
John H. Choi
